IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REMAR SALANGO,

    Petitioner,                    No. CIV S-09-0044-TJB

    vs.

D. K. SISTO,

    Respondent.                AMENDED ORDER, FINDINGS AND
                                                    RECOMMENDATIONS

_____/

## I. INTRODUCTION

Petitioner Remar Salango is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, (1) the January 13, 2011, order, findings and recommendations is vacated; (2) the Clerk of the Court shall assign this case to a United States District Judge in accordance with the Court's general assignment plan; (3) Petitioner's requests are denied; and (4) it is recommended that habeas relief be denied.

## II. PROCEDURAL HISTORY

Petitioner is currently serving a sentence of eighteen years to life following his 1991

conviction for second degree murder in the Kern County Superior Court.[1]  Resp't's Answer Ex. A, at 30, ECF No. 7.[2]  Petitioner is not currently challenging his conviction; rather, the instant petition challenges the decision by the California Board of Parole Hearings (the "Board") denying Petitioner parole.  Petitioner appeared before the Board on January 3, 2008.

On March 19, 2008, Petitioner filed a petition for writ of habeas corpus with the Kern County Superior Court challenging the Board's decision.  *See* Resp't's Answer Ex. A.  On May 20, 2008, the Superior Court issued a reasoned opinion denying the petition.  *See* Resp't's Answer Ex. B.  Petitioner sought relief in the California Court of Appeal, Fifth Appellate District, and the California Supreme Court; those petitions were likewise denied, but without written opinions.  *See* Resp't's Answer Exs. C-F.

On January 6, 2009, Petitioner filed a federal petition for writ of habeas corpus.  *See* Pet'r's Pet, ECF No. 1.  On August 18, 2009, Respondent filed an answer to the petition.  *See* Resp't's Answer.  On September 3, 2009, Petitioner filed his original traverse.  *See* Pet'r's Traverse, ECF No. 8.  On December 8, 2009, Petitioner filed an amended traverse and a motion requesting nunc pro tunc acceptance of his traverse.  *See* Pet'r's Am. Traverse, ECF No. 9; Pet'r's Mot. Requesting Nunc Pro Tunc Acceptance of Pet'r's Traverse, ECF No. 10.  On January 28, 2010, the assigned United States Magistrate Judge at the time, the Honorable Kimberly J. Mueller, granted Petitioner's motion for acceptance of the amended traverse.  *See*

---

[1] "Controlling offense for which [Petitioner] is committed is set forth in Case Number SC043377.  Charging Count One, Violation PC 187, Murder in the Second Degree, with a 12022.5(a) PC Use of a Firearm.  [Petitioner] received a term of 15 years plus 3 totaling 18 years to life."  Resp't's Answer Ex. A, at 30, ECF No. 7, *but see* Pet'r's Pet. 1, ECF No. 1 (noting Petitioner stated his "length of sentence" is "15 to life").

[2] The Case Management/Electronic Case Files (CM/ECF) docketing and file system is implemented, which allows the parties to electronically file pleadings and documents.  For pleadings or documents submitted in paper format, the filing is scanned and stored electronically into the CM/ECF system.  Each page of the electronic filing is numbered chronologically, whether or not the party numbered it.  If the filing is lengthy, the document is divided into parts.  Here, when a page number for a filed pleading or document is cited, the CM/ECF page number is used when available, which may not coincide with the page number that the parties used.

Order 1, Jan. 28, 2010, ECF No. 12.

## III.  CONSENT

On January 14, 2009, Petitioner consented, pursuant to 18 U.S.C. § 636(c)(1), to have a Magistrate Judge conduct all further proceedings, including the entry of final judgment. *See* Pet'r's Consent, ECF No. 3.  Respondent, however, never responded to the "Consent Deadline set for 7/22/2009" issued by the previously assigned Magistrate Judge.  *See* Order, Jan. 7, 2009, ECF No. 4.  This case is submitted for decision but is currently unassigned to a United States District Judge.  Since Respondent did not indicate his consent to jurisdiction by a United States Magistrate Judge, the Clerk of the Court shall assign this case to a United States District Judge in accordance with the Court's general assignment plan.

## IV.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)).  This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359, 362 (9th Cir. 1999).  Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

In applying AEDPA's standards, the federal court must "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). "The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision." *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008) (citations omitted). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). To the extent no such reasoned opinion exists, courts must conduct an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law, and whether the state court's decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable--a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). "When it is clear, however, that the state court has not decided an issue, we review that question *de novo*." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (citing *Rompilla v. Beard*, 545 U.S. 374, 377 (2005)).

## V.  REQUESTS FOR REVIEW

The petition for writ of habeas corpus sets forth five requests. Specifically, Petitioner requests: (1) an order to show cause; (2) appointment of counsel; (3) discovery; (4) an evidentiary hearing; and (5) declaratory and injunctive relief. Pet'r's Pet. 29.

### A.  First Request: Order To Show Cause

First, Petitioner requests "an Order to Show Cause . . . on an expedited basis under CRC 4.551 et seq." *Id.* As stated earlier, Respondent filed an answer to the petition on August 18, 2009, to which Petitioner filed his original traverse on September 3, 2009. Petitioner's request for an order to show cause is denied as moot.

///

B. Second Request: Appoint Counsel

Second, Petitioner requests appointment of counsel in further litigation of this action. *Id.* The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court, however, may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require," and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the district court's discretion. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal, or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. LIEBMAN & R. HERTZ, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 12.3b, at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Appointment of counsel is not warranted in this case. Petitioner's claims are typical claims arising in a habeas petition and are not especially complex. This is not an exceptional case warranting representation on federal habeas review. Petitioner's request for appointment of counsel is denied.

C. Third Request: Discovery

Third, Petitioner requests discovery. Pet'r's Pet. 29. "The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." *Riddle v. Dyche*, 262 U.S. 333, 335-36 (1923); *see, e.g.*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). However, modern habeas corpus procedure has the same function as

an ordinary appeal. *O'Neal v. McAnnich*, 513 U.S. 432, 442 (1995) (recognizing federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)). A habeas proceeding does not proceed to "trial," and unlike other civil litigation, parties in a habeas proceeding are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Harris v. Nelson*, 394 U.S. 286, 295 (1969). Although discovery is available pursuant to Rule 6 of the Federal Rules Governing Section 2254 Cases, it is only granted at the court's discretion, and upon a showing of good cause. *Bracy*, 520 U.S. at 904; *McDaniel v. U.S. District Court* (*Jones*), 127 F.3d 886, 888 (9th Cir. 1997); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997); *see also* Rule 6(a), Federal Rules Governing Section 2254 Cases.

Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. at 300); *see also Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2004). A request for discovery "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b), Federal Rules Governing Section 2254 Cases. Federal courts have "the power to 'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and justice require[.]'" *Bracy*, 520 U.S. at 904 (citations omitted) (quoting *Harris*, 394 U.S. at 299-300); *see also Bittaker*, 331 F.3d at 728.

Here, Petitioner does not demonstrate good cause as to why his request for discovery should be granted. Petitioner does not state why discovery is necessary, or why discovery is relevant to a determination of the petition's merits. Petitioner also does not include any proposed interrogatories or requests for admission, and fails to specify any requested documents, as required under Rule 6(b). *See* Rule 6(b), Federal Rules Governing Section 2254 Cases. Petitioner has failed to establish good cause, and Petitioner's request for discovery is denied.

///

D.  Fourth Request:  Evidentiary Hearing

Fourth, Petitioner requests an evidentiary hearing.  Pet'r's Pet. 29.  Under 28 U.S.C. § 2254(e)(2), a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate."  *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); *see also Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005); *Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005).  "[W]here the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing."  *Earp*, 431 F.3d at 1167 (citing *Insyxiengmay*, 403 F.3d at 670; *Stankewitz v. Woodford*, 365 F.3d 706, 708 (9th Cir. 2004); *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)).  In other words, a hearing is required if: "(1) [the petitioner] has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts[.]"  *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004).

Here, Petitioner's request does not establish that these requirements are satisfied such that an evidentiary hearing would be appropriate.  As explained later, Petitioner does not allege facts that establish a colorable claim for relief.  *See infra* Part VI.  Petitioner's request for an evidentiary hearing is denied.

E.  Fifth Request:  Declaratory and Injunctive Relief

Fifth, Petitioner requests an:  (1) "Order for Declatory [sic] Relief;" (2) "an Order for Injunctive Relief;" and (3) a "Declar[ation of] the rights of the parties."  Pet'r's Pet. 29.  Since habeas relief should not be granted, it is recommended that declaratory and injunctive relief be denied.  *See infra* Part VI.

This matter is now ready for decision.  For the following reasons, it is recommended that habeas relief be denied.

///

VI.  CLAIMS FOR REVIEW

The petition for writ of habeas corpus sets forth two grounds for relief, both due process claims.  First, Petitioner argues "there is no evidence with an 'indicia of reliability' under the 'some evidence' test[] that Petitioner is a current or unreasonable risk or danger to society."  Pet'r's Pet. 4.  Second, Petitioner asserts his plea agreement was violated when the Board denied parole.  *Id.*

A.  Ground One:  Due Process and Some Evidence

First, Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.  Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause.  *Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010), *rev'd*, *Swarthout v. Cooke*, No. 10-333, ___ U.S. ___, 2011 WL 197627 (Jan. 24, 2011); *Pearson v. Muntz*, 606 F.3d 606, 608-09 (9th Cir. 2010); *Hayward v. Marshall*, 603 F.3d 546, 561-63 (9th Cir. 2010).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  *Pearson*, 606 F.3d at 608; *Hayward*, 603 F.3d at 563.

On January 24, 2011, the United States Supreme Court issued a per curiam opinion in *Swarthout v. Cooke*, No. 10-333, ___ U.S. ___, 2011 WL 197627 (Jan. 24, 2011).  In *Swarthout*, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  *Id.* at *3.  The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied."  *Id.* at *2 (citing *Greenholtz v. Inmates of Neb. Penal &*

*Corr. Complex*, 442 U.S. 1, 16 (1979)).

    Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the Board's decision. "The Constitution does not require more [process]." *Greenholtz*, 442 U.S. at 16. The instant petition does not present cognizable claims for relief and should be summarily dismissed.

    B.  Ground Two:  Breach of Plea Agreement

    Second, Petitioner argues that his "plea agreement was violated when the . . . Board denied parole." Pet'r's Pet. 4. Petitioner admits that "[c]entral to this [plea] contract was the understanding that Petitioner would be released on parole if he met the suitability criteria, served sufficient time per the Board's matrix, and was actually granted parole by the Board." *Id.* at 25. Petitioner asserts his "plea to murder cannot be interpreted as other than an exchange for the guarantee of parole." *Id.* at 26.

    "Plea agreements are contractual in nature and are measured by contract law standards." *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003) (quoting *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993)). Although a criminal defendant has a due process right to enforce the terms of a plea agreement, *see Santobello v. New York*, 404 U.S. 257, 261-62 (1971), there is no evidence that Petitioner's subjective expectations about how parole would be decided were part of the plea agreement. Petitioner has not pointed to any language in any plea agreement showing that any specific term in his plea agreement has been breached. Petitioner's sentence upon his conviction based on his plea agreement was to an indeterminate term of eighteen years to life in state prison. He has received the parole consideration at hearings to which he was entitled under that agreement and sentence. The Superior Court's rejection of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Petitioner's claim that his plea agreement was breached in violation of his right to due process fails.

///

VII.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The January 13, 2011, order, findings and recommendations is VACATED;

2. The Clerk of the Court shall ASSIGN this case to a United States District Judge in accordance with the Court's general assignment plan;

3. Petitioner's request for an order to show cause is DENIED as moot;

4. Petitioner's request for appointment of counsel is DENIED;

5. Petitioner's request for discovery is DENIED; and

6. Petitioner's request for an evidentiary hearing is DENIED.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be DENIED; and

2. Petitioner's claim for declaratory and injunctive relief be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).  In any objections he elects to file, Petitioner may address whether a certificate of appealability should be issued in the event he elects to file an appeal from the judgment in this

///

///

///

///

case. *See* Rule 11(a), Federal Rules Governing Section 2254 Cases (district court must issue or deny certificate of appealability when it enters final order adverse to applicant).

DATED: February 4, 2011.

                                                                TIMOTHY J BOMMER
                                                                UNITED STATES MAGISTRATE JUDGE